UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
FORREST SOLUTIONS, INC.                    :      12-CIV-1239 (PAE) (JLC)
                                           :
               Plaintiff,                  :
                                           :
       v.                                  :
                                           :
KATE POST                                  :
                                           :
               Defendant.                  :
------------------------------------------------------------- x      **REPLY TO**
KATHLEEN POST a/k/a KATE POST,             :      **COUNTERCLAIMS**
                                           :      **AND ANSWER TO**
               Counterclaimant             :      **THIRD PARTY CLAIMS**
               and Third Party             :
               Plaintiff,                  :
                                           :
       v.                                  :
                                           :
FORREST SOLUTIONS, INC., STEVEN            :
FORREST AND MITCHELL D. WEINER,            :
                                           :
               Counter Defendant           :
               and Third Party             :
               Defendants.                 :
------------------------------------------------------------- x

      Counter Defendant Forrest Solutions, Inc., and Third Party Defendants Steven Forrest and Mitchell D. Weiner, by their undersigned counsel of record, for their Reply to the following numbered paragraphs in the Counterclaims, and their Answer to the following numbered paragraphs in the Third Party Complaint:

<h3 align="center">PRELIMINARY STATEMENT</h3>

      A.  As noted in the Counterclaims and Third-Party Complaint, there have been two legally distinct entities named "Forrest Solutions, Inc." The first was the entity whose stock

Messrs. Forrest and Weiner, and Ms. Post, owned and then sold to Swiss Post U.S. Holding, Inc. ("SPUS"). The second was the entity owned by Messrs. Forrest and Weiner that purchased the staffing business from SPUS. In responding to the allegations about "Forrest Solutions" in the Counterclaims and Third-Party Complaint, we assume that defendant has correctly delineated the difference between the two entities.

B. The Counterclaims and Third-Party Complaint plead that the second entity "bought back" a business unit from SPUS. We deny such allegations to the extent they suggest that the second entity and the first entity were the same.

## REPLY TO COUNTERCLAIMS AND ANSWER TO THIRD PARTY CLAIMS

58. Respectfully assert that the counterclaims and third party claims speak for themselves, and otherwise deny the allegations.

59. Admit.

60. Admit.

61. Admit, except deny knowledge or information sufficient to form a belief about whether the firm is "highly successful" because the term is vague.

62. Admit.

63. Admit that Steven is an officer and director of Plaintiff, and otherwise deny the allegations.

64. Admit.

65. Admit.

66. Admit.

2

[960044-2]

67. Admit.

68. Admit.

69. Admit that, in or about 2005, Steven, Mitchell and Kate operated Forrest Solutions, Inc., a staffing and outsourcing business in New York, as co-owners with ownership interest of eighty (80%) percent, fifteen (15%) percent and five (5%) percent respectfully, and otherwise deny the allegations.

70. Admit that Steven, Mitchell and Kate agreed to sell, and ultimately did sell, Forrest Solutions to Swiss Post, refer to the purchase documents for their contents, and otherwise deny the allegations.

71. Admit that Steven, Mitchell and Kate created SMK to receive and distribute payments from Swiss Post, and otherwise deny the allegations.

72. Admit that Kate received a substantial sum as a result of the transaction described in Paragraph 70 of the Counterclaims and Third-Party Claims, and otherwise deny.

73. Admit that Kate received a substantial sum as a result of the transaction described in Paragraph 70 of the Counterclaims and Third-Party Claims, and otherwise deny.

74. Admit that, after Swiss Post purchased Forrest Solutions, Steven and Mitchell continued to manage the company, which continued to do business using the name Forrest Solutions, and otherwise deny.

75. Admit that, in a series of conversations, Steven, Mitchell and Kate discussed their belief that, although Swiss Post purchased all of the stock in Forrest Solutions, Swiss Post was not interested in the staffing division of the business, admit that Steven approached Swiss Post with the idea of re-acquiring the staffing business, and otherwise deny.

76. Deny.

77. Deny.

78. Admit that, the staffing division of Forrest Solutions was purchased from Swiss Post, that Steven, Mitchell and Kate released their rights to the final installment, if any, due from Swiss Post, that the repurchased business was operated as "Forrest Solutions Group," and otherwise deny.

79. Deny.

80. Admit that Steven had conversations with Kate concerning the possibility of a package that would give her, over time, additional compensation, and otherwise deny.

81. Admit that Steven had conversations with Kate concerning the possibility of a package that would give her, over time, additional compensation, and otherwise deny.

82. Admit that Steven, Kate and Mitchell had lunch together, and otherwise deny.

83. Admit that Steven, Kate and Mitchell had lunch together, and otherwise deny.

84. Deny.

85. Admit that, after the purchase from Swiss Post, and until Kate resigned from Forrest Solutions in September 2011, she was an employee of Forrest Solutions, and otherwise deny.

86. Admit that, at the time of the sale to Swiss Post, Kate was a 5% percent owner of Forrest Solutions, and that she had no ownership interest in the entity that acquired the staffing business from Swiss Post, and otherwise deny.

87. Admit.

88. Admit.

89. Admit.

90. Deny.

91. Deny.

92. Deny.

93. Deny.

94. Deny.

95. Deny.

96. Deny.

97. Refer to the underlying paragraphs.

98. Decline to respond to the assertion of a legal conclusion, and otherwise deny.

99. Deny.

100. Refer to the underlying paragraphs.

101. Decline to respond to the assertion of legal conclusions, and otherwise deny.

102. Deny.

103. Deny.

104. Deny.

105. Deny.

106. Deny.

107. Deny.

108. Refer to the underlying paragraphs.

109. Deny.

110. Deny.

111. Deny.

112. Deny.

113. Deny.

[960044-2]

114. Deny.

115. Refer to the underlying paragraphs.

116. Admit that, at the time of the making of the sales contract to Swiss Post, Steven and Mitchell knew that Kate was party to a contract with Swiss Post, refer to that contract for its terms, and otherwise deny.

117. Deny.

118. Deny.

119. Deny.

120. Refer to the underlying paragraphs.

121. Deny.

122. Deny.

123. Deny.

124. Deny.

125. Deny.

126. Deny.

127. Refer to the underlying paragraphs.

128. Deny.

129. Deny.

130. Deny.

131. Deny.

132. Refer to the underlying paragraphs.

133. Respectfully refer to the statute for its contents, and otherwise deny.

134. Deny knowledge or information sufficient to form a belief and refer to the statute for its contents.

135. Deny.

136. Deny.

137. Deny.

138. Deny.

139. Deny.

140. Refer to the underlying paragraphs.

141. Respectfully refer to the statute for its contents, and otherwise deny.

142. Deny knowledge or information sufficient to form a belief and refer to the statute for its contents.

143. Deny.

144. Deny.

145. Deny.

146. Deny knowledge or information sufficient to form a belief.

147. Refer to the underlying paragraphs.

148. Respectfully refer to the statute for its contents, and otherwise deny.

149. Deny.

150. Deny.

151. Deny.

152. Deny.

153. Deny.

154. Refer to the underlying paragraphs.

155. Respectfully refer to the statute for its contents, and otherwise deny.

156. Deny.

157. Deny.

158. Deny.

159. Deny knowledge or information sufficient to form a belief.

160. Refer to the underlying paragraphs.

161. Deny.

162. Deny.

163. Deny.

164. Deny.

165. Deny knowledge or information sufficient to form a belief.

166. Refer to the underlying paragraphs.

167. Deny.

168. Deny.

169. Refer to the underlying paragraphs.

170. Deny.

171. Deny.

172. Deny.

173. Deny.

174. Deny knowledge or information sufficient to form a belief.

175. Refer to the underlying paragraphs.

176. Deny.

177. Deny.

## FACTS COMMON TO ALL AFFIRMATIVE DEFENSES

178. On or about January 24, 2006, Defendant and the Third Party Defendants, as Sellers, entered into a Stock Purchase Agreement (the "SPA") with Swiss Post U.S. Holding, Inc. ("SPUS"), and Plaintiff.

179. Pursuant to the SPA, the Sellers agreed to sell to SPUS all of the Sellers' shares of Plaintiff, and SPUS agreed to pay Sellers as consideration an Initial Payment due at the Closing, a First Earnout Payment due no later than June 30, 2008, and a Second Earnout Payment due no later than June 30, 2009.

180. In March 2007, Defendant and the Third Party Defendants formed SMK 1/24/2006 Holdings, LLC ("SMK") and assigned to SMK their respective rights to receive consideration to be paid pursuant to the SPA.

181. On or about December 19, 2007, Defendant, the Third Party Defendants, SPUS, SMK, and Swiss Post Solutions, Inc. (formerly known as Mailsource and, before that, Forrest Solutions, Inc.) executed a Termination and Release Agreement (the "Termination Agreement").

182. The Termination Agreement terminated the SPA and the rights of the parties thereunder, including specifically "the rights and obligations of the Parties with respect to . . . the Second Earnout Payment.

## FIRST AFFIRMATIVE DEFENSE

183. By reason of the foregoing, the First, Second, Third, Fourth, Fifth, and Sixth Counterclaims and Third Party Claims are barred by release.

**SECOND AFFIRMATIVE DEFENSE**

184.   By reason of the foregoing, the First, Second, Third, Fourth, Fifth, and Sixth Counterclaims and Third Party Claims are barred by waiver.

**THIRD AFFIRMATIVE DEFENSE**

185.   By reason of the foregoing, the First, Second, Third, Fourth, Fifth, and Sixth Counterclaims and Third Party Claims are barred by estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

186.   By reason of the foregoing, the claims sounding in whole or in part in Equity, including the First, Second, and Third Counterclaims and Third Party Claims, are barred by laches.

**FIFTH AFFIRMATIVE DEFENSE**

187.   By reason of the foregoing, the claims sounding in whole or in part at Law are barred by applicable statutes of limitations.

[960044-2]

WHEREFORE, Plaintiff demands judgment against the Defendant as requested in the Complaint, and Plaintiff and the Third-Party Defendants demand judgment against the Defendant dismissing the Counterclaims and Third-Party Claims, awarding them their costs and expenses, and such other relief as is just and proper.

Dated: New York, New York
May 2, 2012

                            TANNENBAUM HELPERN
                            SYRACUSE & HIRSCHTRITT LLP

By: _____
     Jamie B.W. Stecher
     Sarah Mendola

900 Third Avenue
New York, New York 10022
(212) 508-6700

*Attorneys for Plaintiff, Counterclaim Defendant and Third-Party Defendants*

[960044-2]